UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VALUE8 CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> VOLVO CARS OF NORTH AMERICA, LLC, VOLVO CAR USA, LLC, ZHEJIANG GEELY HOLDING GROUP CO., LTD., and VOLVO CAR CORPORATION, <br><br> Defendants. | Case No. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
VOLVO CARS OF NORTH AMERICA, LLC, VOLVO CAR USA LLC, ZHEJIANG
GEELY HOLDING GROUP CO., LTD., AND VOLVO CAR CORPORATION**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Value8 Co., Ltd. ("Plaintiff" or "Value8") makes the following allegations against Defendants Volvo Cars of North America, LLC ("VCNA"), Volvo Car USA LLC ("VCUSA"), Zhejiang Geely Holding Group Co., Ltd., and Volvo Car Corporation (collectively, "Defendants" or "Volvo"):

**INTRODUCTION AND PARTIES**

1.  This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Value8, both of which generally relate to systems for managing and communicating information while in a vehicle: United States Patent Nos. 9,930,158 and 11,563,840 (collectively, the "Asserted Patents"). Value8 owns all right, title, and interest in each of the Asserted Patents to file this case.

2.  Value8 Co., Ltd. is a company organized and existing under the laws of the state of

South Korea, having its place of business at B1 126, 13, Seoun-ro, Seocho-gu, Seoul, Republic of Korea.

3. On information and belief, Defendant VCNA is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1800 Volvo Place, Mahwah, New Jersey 07430. On information and belief, VCNA is the wholly owned subsidiary of Volvo Car Corporation. Volvo has a physical address in this District at Crest Volvo Cars, 6020 State Hwy. 121, Frisco, TX 75034. VCNA may be served with process through its registered agent, C.T. Corporation System, at 350 N. St. Paul Street Suite 2900, Dallas, TX 75201.

4. On information and belief, Defendant VCUSA is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1800 Volvo Place, Mahwah, New Jersey 07430. On information and belief, VCUSA is the wholly owned subsidiary of VCNA. Volvo has a physical address in this District at Crest Volvo Cars, 6020 State Hwy. 121, Frisco, TX 75034. VCUSA may be served with process through its registered agent, Oscar Bertilsson Olsborg, at 1800 Volvo Place, Mahwah, New Jersey 07430.

5. On information and belief, Defendant Zhejiang Geely Holding Group Co., Ltd. is a Chinese multinational automotive company with a place of business at 1760, Jiangling Road, Binjiang District, Hangzhou, 310051, China.

6. On information and belief, Defendant Volvo Car Corporation is a Swedish corporation with a place of business at VAK Building, Assar Gabrielssons väg, Goteborg, SE-405 31, Sweden. On information and belief, Volvo Car Corporation is the wholly owned subsidiary of Zhejiang Geely Holding Group Co., Ltd.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United

States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants are registered to do business in Texas. Additionally, upon information and belief, Defendants have transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. On information and belief, Defendants maintain Volvo dealerships throughout the Eastern District of Texas as its regular and established places of business, including at least Crest Volvo Cars, 6020 State Hwy. 121, Frisco, TX 75034. On information and belief, Defendants require each dealership to hold itself out as a place of business for Defendants, and Defendants hold each dealership as its place of business (such as by listing each dealership and its inventory on Defendants' publicly-available website).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,930,158

10. Value8 realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

11.     Value8 owns all rights, title, and interest in U.S. Patent No. 9,930,158, titled "Vehicle Immersive Communication System," issued on March 27, 2018 (the "'158 Patent"). A true and correct copy of the '158 Patent is attached as Exhibit 1.

12.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products that include infotainment and/or entertainment systems with Bluetooth mobile device connection capabilities, such as, *e.g.*, Defendants' Infotainment system with either Sensus Connect or Google Android Automotive, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '158 Patent. These products include, but are not limited to, all variations of Defendants' XC40, XC60, XC90, S90, S60, V90, V60, and C40 Recharge car models. These products are referred to collectively as the "Accused Products."

13.     The infringement of the '158 Patent is also attributable to Defendants. Defendants (and/or users of the Accused Products) direct and control use of the Accused Products to perform acts that result in infringement the '158 Patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

14.     Defendants also knowingly and intentionally induces infringement of claims of the '158 Patent in violation of 35 U.S.C. § 271(b). Defendants have had knowledge of the '158 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed. Despite this knowledge of the '158 Patent, Defendants continue to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '158 Patent. Defendants do so knowing and intending that its customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '158 Patent, thereby specifically intending for

and inducing its customers to infringe the '158 Patent through their customers' normal and customary use of the Accused Products.

15. The Accused Products satisfy all claim limitations of claims of the '158 Patent. A claim chart comparing independent claim 1 of the '158 Patent to a representative Accused Product is attached as Exhibit 2.

16. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Value8 and are liable for infringement of the '158 Patent pursuant to 35 U.S.C. § 271.

17. As a result of Defendants' infringement of the '158 Patent, Value8 is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 11,563,840

18. Value8 realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. Value8 owns all rights, title, and interest in U.S. Patent No. 11,563,840, titled "Vehicle Immersive Communication System," issued on January 24, 2023 (the "'840 Patent"). A true and correct copy of the '840 Patent is attached as Exhibit 3.

20. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products that include infotainment and/or entertainment systems with Bluetooth mobile device connection capabilities, such as, *e.g.*, Defendants' Infotainment system with either Sensus Connect or Google Android Automotive, that directly infringe, literally and/or under the doctrine

of equivalents, claims of the '840 Patent. These products include, but are not limited to, all variations of Defendants' XC40, XC60, XC90, S90, S60, V90, V60, and C40 Recharge car models. These products are referred to collectively as the "Accused Products."

21. The infringement of the '840 Patent is also attributable to Defendants. Defendants and/or users of the Accused Products direct and control use of the Accused Products to perform acts that result in infringement the '840 Patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

22. Defendants also knowingly and intentionally induce infringement of claims of the '840 Patent in violation of 35 U.S.C. § 271(b). Defendants have had knowledge of the '840 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed. Despite this knowledge of the '840 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '840 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '840 Patent, thereby specifically intending for and inducing their customers to infringe the '840 Patent through their customers' normal and customary use of the Accused Products.

23. The Accused Products satisfy all claim limitations of claims of the '840 Patent. A claim chart comparing independent claim 1 of the '840 Patent to a representative Accused Product is attached as Exhibit 4.

24. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Value8 and are liable for infringement of the '840

Patent pursuant to 35 U.S.C. § 271.

25. As a result of Defendants' infringement of the '840 Patent, Value8 is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Value8 respectfully requests that this Court enter:

a. A judgment in favor of Value8 that Defendants have infringed, either literally and/or under the doctrine of equivalents, both of the Asserted Patents;

b. A permanent injunction prohibiting Defendants from further acts of infringement of both of the '158 and '840 Patents;

c. A judgment and order requiring Defendants to pay Value8 its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of each of the Asserted Patents;

d. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Value8, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Value8 its reasonable attorneys' fees against Defendants; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

  Value8, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

| | |
|---|---|
| Dated: March 14, 2024 | Respectfully submitted, |
| | */s/ Benjamin Wang* |
| | Benjamin T. Wang<br>CA State Bar No. 228712<br>Email: bwang@raklaw.com<br>Andrew D. Weiss<br>CA State Bar No. 232974<br>Email: aweiss@raklaw.com<br>Daniel B. Kolko<br>CA State Bar No. 341680<br>Email: dkolko@raklaw.com<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025<br>Telephone: (310) 826-7474 |
| | *Attorneys for Plaintiff Value8 Co., Ltd.* |